UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-06051-PSG (GJSx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | Sallyanne Payton v. Dena Perez, et al. | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:**     (IN CHAMBERS)  Order To Show Cause Re:  Sanctions

The Court is in receipt of a Notice of Removal filed on April 12, 2016 [Dkt 1] by defendant Ronny Ramirez ("Ramirez").  Ramirez seeks to remove an unlawful detainer action pending in Los Angeles Superior Court in Case No. 15U13726, which was filed on November 4, 2015, and brought by plaintiff Sallyanne Payton against named defendants Ramirez and Dena Perez (the "Unlawful Detainer Action").

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of:  the Los Angeles Superior Court's website and its Online Service function, which provides a Case Summary for the Unlawful Detainer Action; and this District's dockets.  These items show the following:

Shortly after the Unlawful Detainer Action was filed, plaintiff filed a proof of service for the named defendants.  Thereafter, the defendants filed a motion to quash service and two demurrers; the first demurrer was set for hearing on January 8, 2016, and the second demurrer was set for hearing on January 14, 2016.  On January 13, 2016, defendant Dena Perez filed a Notice of Removal in this District (Case No. CV 16-00286-AB (FFMx), the "First Removal"), in which she asserted that the First Removal notice was timely and that the Unlawful Detainer Action was properly removable to federal court, because federal question jurisdiction exists over the Unlawful Detainer Action.  On January 26, 2016, the District Court denied Pena leave to proceed *in forma pauperis* in the First Removal action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-06051-PSG (GJSx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | Sallyanne Payton v. Dena Perez, et al. | | |

and remanded the case back to the Superior Court, with an Order advising Pena that neither federal question jurisdiction nor diversity jurisdiction exist over the Unlawful Detainer Action. Significantly, the District Court expressly advised Pena that diversity jurisdiction does not exist, because the underlying unlawful detainer complaint "does not allege damages in excess of $75,000" [First Removal Dkt. 8].

On June 2, 2016, jury trial in the Unlawful Detainer Action was set for June 17, 2016. On June 17, 2016, the date set for trial, someone named "Mathew Ramirez" (who is not a named defendant) filed a notice of bankruptcy and stay in the Unlawful Detainer Action.[1] On that same date, trial was continued to July 18, 2016.

On July 15, 2016, defendant Perez filed a second Notice of Removal in this District (Case No. CV 16-05248-FMO (ASx), "Second Removal"). Notwithstanding the Court's January 26, 2016 remand order in the First Removal action advising that diversity jurisdiction does not exist, Perez asserted that the Second Removal notice "is timely" and diversity jurisdiction exists because: "Plaintiff is incorporated in a state other than California and their principal places of businesses are located in states other than California"; and "Plaintiff does not quantify the amount of damages they seek to recover" and the "amount in controversy exceeds $75,000.00" On July 25, 2016, the District Court again denied Perez leave to proceed *in forma pauperis* in the Second Removal action and remanded the Unlawful Detainer Action for lack of federal jurisdiction.

The trial of the Unlawful Detainer Action was set for August 15, 2016. Ramirez, however, filed the instant Notice of Removal on August 12, 2016. He did not serve it on plaintiff Payton. With the exception of Ramirez's name on the upper left corner on page 1 and his signature at the bottom of page 4, the Notice of Removal is identical to that filed by defendant Perez in the Second Removal action. Ramirez, thus, asserts here that the Notice of Removal "is timely" and diversity jurisdiction exists because: "Plaintiff is

---

[1] A search of the dockets of the United States Bankruptcy Court for the Central District of California shows no bankruptcy filings by a "Mathew Ramirez" and that the only bankruptcy filings by a "Matthew Ramirez" occurred in 1997 and 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-06051-PSG (GJSx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | Sallyanne Payton v. Dena Perez, et al. | | |

incorporated in a state other than California and their principal places of businesses are located in states other than California"; and "Plaintiff does not quantify the amount of damages they seek to recover" and the "amount in controversy exceeds $75,000.00"

Under 28 U.S.C. § 1446(a), a notice of removal is "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."  Under Rule 11(b), by presenting the signed Notice of Removal to this District Court for filing, Ramirez certified that:  it was not being presented for any improper purpose, such as to cause unnecessary delay; the Notice and all legal contentions therein are warranted by existing law; and his factual contentions have evidentiary support.  It is plain that Ramirez has violated Rule 11(b) in several respects.

First, under 28 U.S.C. § 1446(b), Ramirez was required to file any notice of removal within 30 days after he was served with the complaint in the Unlawful Detainer Action.  As the above-described procedural history of the Unlawful Detainer Action shows, well more than 30 days had passed as of August 12, 2016, when the Notice of Removal was filed.  This, Ramirez's assertion that the Notice of Removal "is timely" is plainly untrue.

Second, as the complaint in the Unlawful Detainer Action shows, plaintiff Payton is an individual who lists her address as Woodland Hills, California.  In addition, the complaint in the Unlawful Detainer Action expressly alleges that the amount demanded "does not exceed $10,000."  Thus, Ramirez's representations that plaintiff Payton is a non-California corporation and that the "face of the" unlawful detainer complaint demonstrates that the amount in controversy exceeds $75,000 are patently untrue, and his assertion that diversity jurisdiction exists is frivolous.

Third, given that the identical notice of removal filed by Perez in the Second Removal action was dismissed with the advice that no federal jurisdiction exists, Ramirez's filing now of an identical – and patently untimely and improper – Notice of Removal a few days before trial was scheduled to take place in the Unlawful Detainer Action gives rise to the strong inference that he did so solely for the purpose of delaying the Unlawful Detainer Action trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-06051-PSG (GJSx) | Date | August 17, 2016 |
|---|---|---|---|
| Title | Sallyanne Payton v. Dena Perez, et al. | | |

The record before the Court demonstrates that Ramirez has violated Rule 11(b) by filing the Notice of Removal. Under Rule 11(c)(1), this Court may impose sanctions for his violation, after notice and a reasonable opportunity to respond. Accordingly, pursuant to Rule 11(c)(3), Ramirez is ORDERED TO SHOW CAUSE why he should not be sanctioned for violating Rule 11(b). **Ramirez is ORDERED to appear at a hearing on August 29, 2016, at 11:00 a.m., in Courtroom 23, 312 North Spring Street, 3rd Floor, Los Angeles, California 90012, to address the matters set forth in this Order to Show Cause and the potential sanctions to be imposed against him.** A failure to appear will be deemed to constitute Ramirez's concession that he has violated Rule 11(b).

**IT IS SO ORDERED.**